# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| SCOTT JOHNSON,<br><br>    Plaintiff,<br><br>v.<br><br>IN SUK JUN et al.,<br><br>    Defendants. | Case No. 19-cv-06474-BLF<br><br>**ORDER DENYING DEFENDANTS YOUN LEE AND JEONG AE LEE'S MOTION TO DISMISS**<br><br>[Re: ECF 16] |

In this action, Plaintiff Scott Johnson asserts claims under Title III of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101, *et seq.*, and the California Unruh Civil Rights Act (the "Unruh Act"), Cal. Civ. Code §§ 51-53. *See generally* Compl., ECF 1. Mr. Johnson seeks injunctive relief along with statutory damages, attorneys' fees, and costs. *Id.* In response, Jung Youn Lee and Jeong Ae Lee (together, "Lee Defendants")[1] have filed this motion to dismiss. Mot. to Dismiss, ECF 16. Mr. Johnson opposes this motion. Opposition to Motion to Dismiss ("Opp'n."), ECF 20. This matter was previously deemed suitable for determination without oral argument. *See* ECF 27. For the reasons discussed below, the Court DENIES Lee Defendants' motion to dismiss.

According to his Complaint, Mr. Johnson is a level C-5 quadriplegic who cannot walk and has significant manual dexterity impairments. Compl. ¶ 1. Mr. Johnson uses a wheelchair for mobility and has a specially equipped van. *Id.* Lee Defendants are proprietors of Eastridge Liquors

---

[1] The Complaint includes claims against two additional defendants: In Suk Jun and Kyu Jin Jun (together, "Jun Defendants"). Default has been entered against Jun Defendants. *See* ECF 23, 24. Jun Defendants have not signed on to the motion to dismiss currently before the Court. *See generally*, ECF 16.

1     (the "Store"), located at 1855 Tully Road, San Jose, California. Mot. to Dismiss at 2.

2     Mr. Johnson alleges that a barrier at the Store prevented him from enjoying full and equal access to the facility. Compl. ¶ 15. Specifically, Mr. Johnson alleges that he visited the Store on several occasions, including twice in April 2019 and once in May 2019. *Id.* ¶ 14. During each of those visits, Mr. Johnson claims that Lee Defendants failed to provide accessible parking. *Id.* ¶ 13. According to Mr. Johnson, Lee Defendants' failure to provide accessible facilities created "difficulty and discomfort" for him. *Id.* ¶ 16. Mr. Johnson claims that he will return to the Store once it is represented to him that the Store and its facilities are accessible. *Id.* ¶ 19.

In their motion to dismiss, Lee Defendants contend that their landlord built a new parking lot in October 2018 in compliance with the ADA, the 1992 ADA Accessibility Guidelines (the "ADAAG"), and the California Building Code in force at the time of the construction. Mot. to Dismiss at 2. Lee Defendants provide the City of San Jose's approved plan number (17-002139) and inspection card number (17044235). *Id.* Lee Defendants claim that there have been no alterations, repairs, or improvements to the parking lot since the completion of construction. *Id.* Lee Defendants argue that since the parking lot has been in compliance with the ADA and the ADAAG when Plaintiff visited in April and May 2019, that "Plaintiff's allegations are absolutely false." *Id.* In support of their position, Lee Defendants provide several photographs attached to their motion to dismiss. *See generally* Mot. to Dismiss.

Mr. Johnson opposes Lee Defendants' motion to dismiss on the ground that "it is solely based on extrinsic evidence and jurisdictional facts are intertwined with the merits of Plaintiff's claims." Opp'n at 1. Mr. Johnson further argues that Lee Defendants have not provided sufficient evidence (*e.g.*, data on the slope and cross-slope of the parking space and access aisle) to support their claim that the Store's parking lot complies with the ADA requirements. Opp'n at 3. The Court agrees with Plaintiff that Lee Defendants' motion is, in effect, a premature motion for summary judgment. Opp'n at 2. Lee Defendants' motion merely challenges the factual allegations in the Complaint, which is improper at this stage. *See* Mot. to Dismiss. Moreover, Mr. Johnson challenges the sufficiency of the evidence provided. *See* Opp'n. "When reviewing motions to dismiss, we must accept all factual allegations of the complaint as true and draw all reasonable inferences in

favor of the nonmoving party." *Bernhardt v. Cty. Of Los Angeles*, 279 F.3d 862, 867 (9th Cir. 2002) (citations omitted). Thus, Lee Defendants' motion to dismiss is DENIED.

Additionally, the Court notes that any doubt either party has about the ADA compliance of the parking lot can be resolved by the procedure provided in General Order 56 – specifically, the joint site inspection, which is yet to take place in this case.

**I. ORDER**

For the foregoing reasons, the Court DENIES Lee Defendants' Motion to Dismiss at ECF 16.

**IT IS SO ORDERED**

Dated: February 12, 2020

_____
BETH LABSON FREEMAN
United States District Judge